**FILED**

NH

SEP 2 1 2007

SEP. 21, 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

*JH*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANICE KONEWKO, on behalf of herself)<br>and the class identified herein, )<br><br>Plaintiff, )<br><br>v. )<br><br>DICKLER, KAHN, SLOWIKOWSI, & )<br>ZAVELL, LTD. an Illinois corporation, )<br><br>Defendant. ) | **07CV 5338**<br>**JUDGE CASTILLO**<br>**MAGISTRATE JUDGE COX**<br><br>**JURY DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Janice Konewko, by undersigned counsel, brings this complaint to secure redress for the unlawful conduct of Defendant Dickler, Kahn, Slowikowski & Zavell, Ltd. ("the Dickler firm:") in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and states the following in support of her complaint:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual residing in Carol Stream, Illinois.

2. Plaintiff is a consumer within the meaning of the FDCPA in that the alleged debt at issue was incurred for personal, family, or household purposes, specifically an alleged special assessment of the Board of Directors of Spinnaker Cove Homeowners Association for Plaintiff's share of the cost of repairs to common elements of Plaintiff's townhouse complex.

3. Defendant Dickler, Kahn, Slowikowski & Zavell, Ltd. is a corporation organized under the laws of Illinois that maintains its principal offices and an agent for purposes of accepting service of process at 85 West Algonquin Road, Suite 420, Arlington Heights, Illinois.

4.    Defendant the Dickler firm is a debt collector within in the meaning of 15 U.S.C. § 1692a(6) because it regularly collects or attempts to collect debts owed or alleged to be owed to another, specifically assessments and related charges on behalf of condominium and homeowners associations, among other debts. Defendant the Dickler firm advertises on its website that "[o]ur diversified collective experience includes: homeowner / condominium law."

5.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the acts and transactions giving rise to this claim occurred in this district.

## MATTERS COMMON TO MULTIPLE COUNTS

7.    On or about August 30, 2007, the Dickler firm sent or caused to be sent to Plaintiff the collection letter attached hereto as **Exhibit A** seeking to collect from Plaintiff an alleged special assessment of the Board of Directors of Spinnaker Cove Homeowners Association for Plaintiff's share of the cost of repairs to common elements of Plaintiff's townhouse complex.

8.    **Exhibit A** is the first letter Plaintiff received from Defendant in connection with the alleged debt.

9.    **Exhibit A** is the first letter Defendant sent to Plaintiff in connection with the alleged debt.

10.    On information and belief, **Exhibit A** is a standard form letter used by Defendant as an initial demand letter seeking to collect debts allegedly owed to homeowners associations. On information and belief, Defendant uses similar letters to attempt to collect other debts, including those allegedly owed to condominium associations.

11.    The first page of **Exhibit A**, entitled Notice and Demand, states, in relevant part:

This is your Notice and Demand that for the period of January 1, 2006 to August 23, 2007 there is due to the BOARD OF DIRECTORS OF SPINNAKER COVE HOMEOWNERS ASSOCIATION sum of $1,550.00 for your proportionate share of the common expenses which may include late charges, repair and maintenance charges, administrative expenses, fines, attorneys' fees, court costs and other charges and expenses charged to and added to your share of the common expenses at the direction of said Association's Board, during the period identified for the premises commonly known as:

> 1309 Woodlake Drive
> Carol Stream, IL 60188

In accordance with the Code of Civil Procedure, 735 ILCS Act 5, and in particular, Sections 9-102(a)(8), 9-104.1, 9-104.3, 9-106.1, and 9-111, this is a <u>Notice</u> and <u>Demand</u> that you must pay the full amount set forth above within 30 days from the date of this Notice and Demand. If you do not pay the full amount set forth above within the time period, a lawsuit will be initiated to terminate your right to possession of the property noted.

12.    Page 1 of **Exhibit A** contains the purported notarized signature of Sandra Kahn, a

principal of Defendant the Dickler firm, on behalf of the Board of Directors of Spinnaker Cove

Homeowners Association.

13.    The second page of **Exhibit A**, entitled Notice of Debt, states in relevant part that

This letter is an attempt to collect a debt and any information obtained will be used for that purpose.

If you want to resolve this matter without further action, you must pay the above amount within thirty (30) days from the date of the Notice and Demand. If you do not may full payment within thirty (30) days from the date of the Notice and Demand, we will be entitled to file a lawsuit to seek to terminate your right to possession of the unit identified above when the thirty-day Notice and Demand period is over. We will not proceed until that thirty-day Notice and Demand period is over.

Federal law gives you thirty (30) days after you receive this notice to dispute the validity of the debt or any part of it. Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office

will provide you with the name and address of the original creditor, if different from the current creditor.

The law does not require that we wait until the end of the thirty-day period from the time you receive this Notice of Debt before proceeding with further action to collect the debt, and we can proceed at the end of the Notice and Demand period which is thirty (30) days from the date of the Notice and Demand. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this notice, the law requires that we suspend our efforts to collect the debt (through litigation or otherwise) until we mail you the requested information.

14.    The second page of **Exhibit A** represents an attempt by Defendant to include the "safe harbor" language suggested by the Seventh Circuit in Bartlett v Heibl, 128 F.3d 497 (7th Cir. 1997).

15.    The Dickler firm's reference to Bartlett v. Heibl in its own dunning letters evidences its familiarity with the FDCPA's requirement that language in dunning letters not overshadow or contradict consumer's rights under 15 U.S.C. § 1692g. Notwithstanding that familiarity, the nature of this dunning letter as a form letter signed by an attorney and sent to many consumers evidences the persistence and intentionality of Defendant's noncompliance with the FDCPA.

16.    The Dickler firm's statements and representations in its form collection letters are to be interpreted under the "unsophisticated consumer" standard. Gammon . GC Services, LP, 27 F.3d 1254 (7th Cir. 1994); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996); and Bartlett v Heibl, 128 F.3d 497 (7th Cir. 1997).

## CLASS ALLEGATIONS

17.    Plaintiff brings this claim on behalf of (i) all individuals (ii) who on or after a date 1 year prior to and within 20 days after the filing of this action (iii) were sent one or more collection letters stating they must pay any amounts with thirty days of receipt of such collection letters, which were not returned as undeliverable.

18.    On information and belief, Defendant has sent dunning letters in the form of **Exhibit A** to more than 50 persons with the Class Period; therefore, the class is so numerous that joinder of all members is impracticable.

19.    There are questions of law and fact common to the members of the class, which questions predominate over any questions affecting only individual members, including whether **Exhibit A** is confusing or misleading to an unsophisticated consumer by overshadowing and contradicting the validation notice.

20.    The only individual issue is the identification of class members, which can be done from Defendant's records.

21.    Plaintiff is a member of the class she seeks to represent and his claims are typical of the claims of the members of the class.

22.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer and debt collection abuse claims.

23.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically contemplated FDCPA class actions as the principal means of enforcing the statute. The class members are generally unsophisticated individuals who are ignorant of their rights under the FDCPA and, consequently, whose rights will not be addressed in the absence of a class action.

**COUNT I – VIOLATION OF 15 U.S.C. § 1692g – CLASS CLAIM**

24.    Plaintiff incorporates paragraphs 1 through 23.

25.    **Exhibit A** states that Plaintiff must pay the amount stated in page 1 of **Exhibit A** within 30 days.

26.    Section 1692g of the Fair Debt Collection Practices Act provides in relevant part:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection
with the collection of any debt, a debt collector shall, unless the following
information is contained in the initial communication or the consumer has paid the
debt, send the consumer a written notice containing—

> ...
>
> (3) a statement that unless the consumer, within thirty days after receipt of
> the notice, disputes the validity of the debt, or any portion thereof, the debt
> will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing
> within the thirty-day period that the debt, or any portion thereof, is
> disputed, the debt collector will obtain verification of the debt or a copy of a
> judgment against the consumer and a copy of such verification or judgment
> will be mailed to the consumer by the debt collector; and
>
> (4) a statement that if the consumer notifies the debt collector in writing
> within the thirty-day period that the debt, or any portion thereof, is
> disputed, the debt collector will obtain verification of the debt or a copy of a
> judgment against the consumer and a copy of such verification or judgment
> will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-
> day period, the debt collector will provide the consumer with the name and
> address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period
described in subsection (a) of this section that the debt, or any portion thereof, is
disputed, or that the consumer requests the name and address of the original
creditor, the debt collector shall cease collection of the debt, or any disputed portion
thereof, until the debt collector obtains verification of the debt or a copy of a
judgment, or the name and address of the original creditor, and a copy of such
verification or judgment, or name and address of the original creditor, is mailed to
the consumer by the debt collector.

27.    15 U.S.C. § 1692g(a)(3) provides a consumer with 30 days after receipt of a

validation notice sent pursuant to an initial communication between the debt collector and

consumer to dispute the validity of the debt in whole or part.

6

28.     15 U.S.C. § 1692g(a)(4) provides a consumer with 30 days after receipt of a validation notice sent pursuant to an initial communication between the debt collector and consumer to make a written dispute of the debt or request the name and address of the original creditor.

29.     Such a written notification from the consumer triggers the debt collector's obligation under 15 U.S.C. § 1692g(b) to cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer.

30.     A dunning letter that demands payment within the validation period is confusing as contradicting the validation notice required 15 U.S.C. 1692g. See, Bartlett v Heibl, 128 F.3d 497 (7th Cir. 1997); Chauncey v. JDR Recovery Corp., 118 F.3d 516 (7th Cir. 1997); Russell v. Equifax A.R.S., 74 F.3d 30 (2nd Cir. 1996); Graziano v. Harrison, 950 F.2d 107 (3rd Cir. 1991).

31.     **Exhibit A** directly overshadows and contradicts the validation notice and Plaintiff's rights under 15 U.S.C. 1692g by demanding payment within the 30 day validation period.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff Janice Konewko and the class members and against Defendant Dickler, Kahn, Slowikowski & Zavell, Ltd. for:

a.     Statutory damages under 15 U.S.C. § 1692k.

b.     Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k; and

c.     Such other and further relief as the Court deems appropriate.

7

## COUNT II – INDIVIDIAL FDCPA CLAIM

32.    Plaintiff incorporates paragraphs 1 through 16.

33.    Section 1692c(a) of the Fair Debt Collection Practices Act provides, in relevant part:

> **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**
>
> ...
>
> **(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or**

34.    Defendant violated 15 U.S.C. § 1692c(a)(2) by sending Plaintiff **Exhibit A** after learning that she was represented by counsel with respect to the alleged debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff Janice Konewko individually and against Defendant Dickler, Kawn, Slowikowski & Zavell, Ltd. for:

a.    Actual damages in an amount to be proved at trial;

b.    Statutory damages under 15 U.S.C. § 1692k.

c.    Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k; and

d.    Such other and further relief as the Court deems appropriate.

JANICE KONEWKO

One of her attorneys

8

Brian C. Witter
Peter S. Lubin
Vincent L. DiTommaso
DiTommaso ♦ Lubin, PC,
17W 220 22nd Street, Suite 200
Oakbrook Terrace, Illinois 60181
(630) 333-0000

Jason G. Shanfield (No. 6275896)
SHANFIELD LAW FIRM, LTD.
833 North Hoyne Avenue
Chicago, Illinois 60622
(312) 638-0819 (tel)
(312) 638-9136 (fax)

# EXHIBIT A

## NOTICE AND DEMAND

August 30, 2007                                               Our File No.: 990102.041

    Janice Konewko
    1309 Woodlake Drive
    Carol Stream, IL 60188

### *THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.*

    This is your **Notice** and **Demand** that for the period from January 1, 2006 to August 23, 2007 there is due to the BOARD OF DIRECTORS OF SPINNAKER COVE HOMEOWNERS ASSOCIATION sum of **$1,550.00** for your proportionate share of the common expenses which may include late charges, repair and maintenance charges, administrative expenses, fines, attorneys' fees, court costs and other charges and expenses charged to and added to your share of the common expenses at the direction of said Association's Board, during the period identified for the premises commonly known as:

    1309 Woodlake Drive
    Carol Stream, IL 60188

    In accordance with the Code of Civil Procedure, 735 ILCS Act 5, and in particular, Sections 9-102(a)(8), 9-104.1, 9-104.3, 9-106.1 and 9-111, this is a <u>Notice</u> and <u>Demand</u> that you must pay the full amount set forth above within thirty (30) days from the date of this Notice and Demand. If you do not pay the full amount set forth above within the time period, a lawsuit will be initiated to terminate your right to possession of the property noted. You must pay the full amount noted to the law firm of DICKLER, KAHN, SLOWIKOWSKI & ZAVELL, LTD., 85 W. Algonquin Road, Suite 420, Arlington Heights, Illinois 60005. <u>ONLY FULL PAYMENT OF ALL AMOUNTS DEMANDED IN THIS NOTICE WILL INVALIDATE THE DEMAND UNLESS THE PERSON CLAIMING POSSESSION OR HIS OR HER AGENT OR ATTORNEY, AGREES IN WRITING TO WITHDRAW THE DEMAND IN EXCHANGE FOR RECEIVING PARTIAL PAYMENT.</u>

                      BOARD OF DIRECTORS OF SPINNAKER COVE
                      HOMEOWNERS ASSOCIATION

### PROOF OF SERVICE

    The undersigned, being first duly sworn on oath, deposes and states that she served a copy of the foregoing by enclosing same in an envelope addressed to the above party at the above address and depositing same in the U.S. Mail at Arlington Heights, Illinois, via certified mail, return receipt requested and regular mail before 5:00 P.M. on the date noted above, with proper postage prepaid.

Subscribed and sworn to before me
on August 30, 2007.

                OFFICIAL SEAL
                SARAH P BREED
            NOTARY PUBLIC - STATE OF ILLINOIS
    Notary Public    MY COMMISSION EXPIRES 09/21/08

F:\CLIENT\SpinnakerCove\Letter\041.070830N&D.wpd

# NOTICE OF DEBT

August 30, 2007                                             Our File No.: 990102.041

Janice Konewko
1309 Woodlake Drive
Carol Stream, IL  60188


**AMOUNT OF DEBT: $1,550.00**

CREDITOR:   BOARD OF DIRECTORS OF SPINNAKER COVE HOMEOWNERS ASSOCIATION

This letter is an attempt to collect a debt and any information obtained will be used for that purpose.

If you want to resolve this matter without further action, you must pay the above amount due within thirty (30) days from the date of the Notice and Demand. If you do not make full payment within thirty (30) days from the date of the Notice and Demand, we will be entitled to file a lawsuit to seek to terminate your right to possession of the unit identified above when the thirty-day Notice and Demand period is over. We will not proceed until that thirty-day Notice and Demand period is over.

Federal law gives you thirty (30) days after you receive this notice to dispute the validity of the debt or any part of it. Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will:  obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The law does not require that we wait until the end of the thirty-day period from the time you receive this Notice of Debt before proceeding with further action to collect this debt, and we can proceed at the end of the Notice and Demand period which is thirty (30) days from the date of the Notice and Demand. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this notice, the law requires that we suspend our efforts to collect the debt (through litigation or otherwise) until we mail you the requested information.

BY:    DICKLER, KAHN, SLOWIKOWSKI & ZAVELL, LTD.
               85 W. ALGONQUIN RD. - SUITE #420
               ARLINGTON HEIGHTS, IL  60005
               (847) 593-5595

08/23/2007 12:24 PM

Resident Transaction Report
SPINNAKER COVE HOA
Start Date: 01/01/2001

Page:     1

Building: SK-WOOD  SPINNAKER COVE HOA
                   WOODLAKE
                   CAROL STREAM, IL  60188

| Resident | | Type | Date | CC Description | Check No | Amount | |
|---|---|---|---|---|---|---|---|
| 1309 01 | JANICE KONEWKO | | | | | Beg Balance | 0.00 |
| | | Chg | 04/30/2006 | OB PR MGT BALANCE | | 500.00 | 500.00 |
| | | Chg | 05/01/2006 | AS SPECIAL ASSESSMENT | | 125.00 | 625.00 |
| | | Chg | 05/01/2006 | HO HOA FEES | | 174.00 | 799.00 |
| | | Pay | 05/05/2006 | B/H KONEWKO 3815 | | -174.00 | 625.00 |
| | | Pay | 05/31/2006 | Lckbx Pmt 0000017400 003846 | | -174.00 | 451.00 |
| | | Chg | 06/01/2006 | HO HOA FEES | | 174.00 | 625.00 |
| | | Chg | 06/01/2006 | AS SPECIAL ASSESSMENT | | 125.00 | 750.00 |
| | | Pay | 06/27/2006 | Lckbx Pmt 0000017400 003873 | | -174.00 | 576.00 |
| | | Chg | 07/01/2006 | HO HOA FEES | | 174.00 | 750.00 |
| | | Chg | 07/01/2006 | AS SPECIAL ASSESSMENT | | 125.00 | 875.00 |
| | | Pay | 07/26/2006 | Lckbx Pmt 0000017400 003901 | | -174.00 | 701.00 |
| | | Chg | 08/01/2006 | HO HOA FEES | | 174.00 | 875.00 |
| | | Chg | 08/01/2006 | AS SPECIAL ASSESSMENT | | 125.00 | 1,000.00 |
| | | Pay | 08/16/2006 | B/H KONEWKO 3919 | | -250.00 | 750.00 |
| | | Pay | 08/28/2006 | Lckbx Pmt 0000017400 003931 | | -174.00 | 576.00 |
| | | Chg | 09/01/2006 | AS SPECIAL ASSESSMENT | | 125.00 | 701.00 |
| | | Chg | 09/01/2006 | HO HOA FEES | | 174.00 | 875.00 |
| | | Pay | 09/28/2006 | Lckbx Pmt 0000017400 003953 | | -174.00 | 701.00 |
| | | Chg | 10/01/2006 | AS SPECIAL ASSESSMENT | | 125.00 | 826.00 |
| | | Chg | 10/01/2006 | HO HOA FEES | | 174.00 | 1,000.00 |
| | | Chg | 10/19/2006 | L Late Charge | | 25.00 | 1,025.00 |
| | | Pay | 10/30/2006 | Lckbx Pmt 0000017400 003971 | | -174.00 | 851.00 |
| | | Chg | 11/01/2006 | AS SPECIAL ASSESSMENT | | 125.00 | 976.00 |
| | | Chg | 11/01/2006 | HO HOA FEES | | 174.00 | 1,150.00 |
| | | Cr | 11/06/2006 | LC REV LC WRONG FEE | | -15.00 | 1,135.00 |
| | | Chg | 11/20/2006 | L Late Charge | | 10.00 | 1,145.00 |
| | | Chg | 12/01/2006 | AS SPECIAL ASSESSMENT | | 125.00 | 1,270.00 |
| | | Chg | 12/01/2006 | HO HOA FEES | | 174.00 | 1,444.00 |
| | | Pay | 12/06/2006 | Lckbx Pmt 0000017400 004002 | | -174.00 | 1,270.00 |
| | | Chg | 01/01/2007 | HO HOA FEES | | 190.00 | 1,460.00 |
| | | Pay | 01/05/2007 | B/H KONEWKO 4025 | | -174.00 | 1,286.00 |
| | | Pay | 01/26/2007 | B/H KONEWKO 4049 | | -16.00 | 1,270.00 |
| | | Pay | 02/01/2007 | Lckbx Pmt 0000019000 004054 | | -190.00 | 1,080.00 |
| | | Chg | 02/01/2007 | HO HOA FEES | | 190.00 | 1,270.00 |
| | | Pay | 02/26/2007 | Lckbx Pmt 0000019000 004067 | | -190.00 | 1,080.00 |
| | | Chg | 03/01/2007 | HO HOA FEES | | 190.00 | 1,270.00 |
| | | Chg | 04/01/2007 | HO HOA FEES | | 190.00 | 1,460.00 |
| | | Pay | 04/02/2007 | Lckbx Pmt 0000019000 004093 | | -190.00 | 1,270.00 |
| | | Pay | 04/24/2007 | Lckbx Pmt 0000019000 004121 | | -190.00 | 1,080.00 |
| | | Chg | 05/01/2007 | HO HOA FEES | | 190.00 | 1,270.00 |
| | | Chg | 05/21/2007 | L Late Charge | | 10.00 | 1,280.00 |
| | | Pay | 05/30/2007 | Lckbx Pmt 0000019000 004147 | | -190.00 | 1,090.00 |
| | | Chg | 06/01/2007 | HO HOA FEES | | 190.00 | 1,280.00 |
| | | Chg | 06/25/2007 | L Late Charge | | 10.00 | 1,290.00 |
| | | Chg | 07/01/2007 | HO HOA FEES | | 190.00 | 1,480.00 |

08/23/2007 12:24 PM

Resident Transaction Report
SPINNAKER COVE HOA
Start Date: 01/01/2001

990102041    Page: 2

Building: SX-WOOD    SPINNAKER COVE HOA
WOODLAKE
CAROL STREAM, IL  60188

| Resident | Type | Date | CC Description | Check No | Amount | |
|---|---|---|---|---|---|---|
| | Pay | 07/02/2007 | Lckbx Pmt 0000019000 | 004172 | -190.00 | 1,290.00 |
| | Pay | 08/01/2007 | Lckbx Pmt 0000019000 | 004219 | -190.00 | 1,100.00 |
| | Chg | 08/01/2007 | HO HOA FEES | | 190.00 | 1,290.00 |
| | | | | | Res Balance | 1,290.00 |

Tract search    60.00
Notice & demand    200.00

$1,550.00

DICKLER, KAHN, SLOWIKOWSKI & ZAVELL, LTD.
ATTORNEYS AND COUNSELORS
SUITE 420
85 WEST ALGONQUIN ROAD
ARLINGTON HEIGHTS, ILLINOIS 60005-4424

$ 000.41⁰

02 1P
0002682509  AUG 30 2007
MAILED FROM ZIP CODE 60005

Janice Konewko
1309 Woodlake Drive
Carol Stream, IL 60188